IN THE COURT OF CRIMINAL APPEALS
OF TEXAS



NO. WR-76,635-03




EX PARTE JECIA JAVETTE MOSS, Applicant




ON APPLICATION FOR A WRIT OF HABEAS CORPUS
CAUSE NO. 20203A-86 IN THE 86TH DISTRICT COURT
FROM KAUFMAN COUNTY




            Per curiam.
 
O R D E R

            Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated
assault, and originally received five years’ deferred adjudication community supervision. She was
later adjudicated guilty and sentenced to twelve years’ imprisonment. She did not appeal her
conviction. 
            Applicant contends, inter alia, that her community supervision was improperly revoked,
because the motion to proceed to adjudication of guilt was not filed and capias did not issue until
after the expiration of her period of community supervision. Applicant alleges that her adjudication
counsel was ineffective for failing to investigate and discover this issue, and for advising her to plead
true at the adjudication. Applicant has alleged facts that, if true, might entitle her to relief. In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the
trial court may rely on its personal recollection. Id.
            If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. 
If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 
              The trial court shall make findings of fact and conclusions of law in regard to Applicant’s
claim that her adjudication was improper. The trial court shall make findings as to when Applicant’s
period of deferred adjudication community supervision was due to expire, and as to when the State’s
motion to proceed to adjudication was filed. The trial court shall make findings as to when the
capias issued, and as to when it was executed. The trial court shall make findings as to whether
Applicant’s counsel at adjudication investigated the facts of the case and discussed the facts and the
applicable law with Applicant before she entered her plea of “true” to violating the conditions of
community supervision. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant’s claim for habeas
corpus relief.
            This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter’s notes from any hearing or
deposition, along with the trial court’s supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 
 
Filed: September 18, 2013
Do not publish